# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

    Plaintiff,

v.

RICHARD S. FERRY,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Cr. ID. No. 1607020992

Submitted: August 6, 2019
Decided: September 17, 2019

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Summarily Dismissed

**ADOPTED**

**<u>ORDER</u>**

This 17th day of September 2019, the Court has considered the

Commissioner's Report and Recommendation, Defendant's Motion for

Postconviction Relief, and the relevant proceedings below.

On June 26, 2019, Defendant Richard S. Ferry filed this *pro se* Motion for

Postconviction Relief. The motion was referred to a Superior Court Commissioner

in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for

proposed findings of fact and conclusions of law. The Commissioner issued the

1

Report and Recommendation on July 23, 2019. The Commissioner recommended that Defendant's Motion for Postconviction Relief be summarily dismissed.

Defendant raises two claims in his motion. First, counsel's alleged lack of trial strategy, and failure to disclose the State's discovery, amounted to ineffective assistance of counsel. Second, Defendant claims that his plea was not voluntary.

Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[1] If a procedural bar exists, then the claim is barred and the Court should not consider the merits of the postconviction claim.[2]

Defendant's Motion for Postconviction Relief is time-barred. Rule 61(i)(1) requires Defendant to file his Motion for Postconviction Relief within one year of a final order of conviction.[3] Defendant was sentenced on April 28, 2017. Defendant's conviction became final on or about May 27, 2017.[4] Defendant filed this Motion for Postconviction Relief, over two years later, on June 26, 2019, exceeding the one-year limit.

---

[1] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[2] *Id.*
[3] Super. Ct. Crim. R. 61(i)(1).
[4] Super. Ct. Crim. R. 61(m)(1).

2

In order to overcome procedural hurdles, Defendant has three options. Defendant may establish that: (1) the court lacked jurisdiction; (2) new evidence exists that creates a strong inference that Defendant is actually innocent of the underlying charges for which Defendant was convicted; or (3) a new rule of constitutional law made retroactive to Defendant's case would render his convictions invalid.[5]

Defendant's motion fails to establish any of the exceptions to the procedural bar. Neither of Defendant's claims establish lack of jurisdiction. Defendant does not raise a new constitutional law applicable to this case. Finally, Defendant does not raise any *new* or recently discovered evidence, or any evidence at all. All of Defendant's claims arise from facts known to him at the time of his plea in January 2017.

Defendant's motion is otherwise procedurally barred. Rule 61(i)(3) further prevents this Court from considering any claim, at this late date, that Defendant has not previously raised.[6] Defendant's claims stem from facts known to him at the time of his plea in January 2017. Defendant had time and opportunity to raise any issue in a timely filed postconviction motion. Defendant has not established any prejudice to his rights and/or cause for relief.

---

[5] Super. Ct. Crim. R. 61(i)(2) & (5).
[6] Super. Ct. Crim. R. 61(i)(3).

Having been provided with a full and fair opportunity to present any issue in a timely filed motion, Defendant's claims are time-barred and otherwise procedurally barred.

The Court holds that the Commissioner's Report and Recommendation dated July 23, 2019 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[7]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety. Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.**

       **IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[7] Super. Ct. Crim. R. 62(a)(4)(iv).